UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD NELSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. |
| | :    3:12-cv-294 (VLB) |
| CITY OF STAMFORD, et al.<br>    Defendants. | :<br>:    August 3, 2012 |

## MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [Dkt. #20]

Plaintiff, Edward Nelson, files this motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(1) on the basis of a supervening change in law, arguing that the Supreme Court's recent decision in *Florence v. Board of Chosen Freeholders of the Cnty of Burlington*, 132 S.Ct. 1510 (2012) articulated a broader definition of the term "strip search" than the Court applied in its decision on summary judgment. Mr. Nelson contends that under this broader definition, the search to which he was subjected constitutes a strip search.

On January 25, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment. [Dkt. #185]. The Court granted the motion for summary judgment as to Mr. Nelson's claim of an unconstitutional strip search in violation of the Fourth Amendment, finding that "no reasonable jury could find that the minimally intrusive removal of Mr. Nelson's shirt and pants constituted an unreasonable search and seizure in violation of the Fourth Amendment." [Dkt. #185, Memorandum of Decision on Summary Judgment, p. 56]. In analyzing this claim, the Court applied the four-factor test set forth by the

Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979), considering "the scope of the particular intrusion, the manner in which it [was] conducted, the justification for initiating it, and the place in which it [was] conducted." 441 U.S. at 559.

In analyzing the scope of the intrusion, the Court relied upon the Second Circuit's statement that "[t]he term 'strip search' is used generally to describe any inspection of the naked body." *Kelsey v. County of Scoharie*, 567 F.3d 54 (2d Cir. 2009). Applying this definition, the Court concluded that "Mr. Nelson was not subjected to a strip search," because "[a]lthough Mr. Nelson's shirt and pants were removed, the video of the booking area shows that the officers did not conduct a visual inspection of Mr. Nelson's naked body. Not only did Mr. Nelson remain in his underwear, but the officers do not conduct a visual inspection of his body." [Dkt. #185, p. 55-56].

Mr. Nelson's motion pursuant to Fed. R. Civ. P. 60(b) contending that *Florence* constitutes a supervening change in law requiring the Court's judgment to be set aside is unavailing. In particular, Mr. Nelson seeks to rely on Fed. R. Civ. P. 60(b)(1) construing the Supreme Court's decision in *Florence* as a supervening change in law rendering this Court's decision on summary judgment a "mistake." Mr. Nelson relies on *Thompson v. County of Franklin* , 127 F.Supp.2d 145, 160 (N.D.N.Y 2000) as an example of relief from judgment on the basis of an intervening change in law. This reliance is misplaced. *Thompson* acknowledged that "in evaluating whether a given case has resulted in a change in the controlling law, it is necessary to examine the claimed change in law to 'determine what effect, if any, [it] has on the law to be applied in this case."

*Thompson*, 127 F.Supp.2d at 152 (citing *Richman v. W.L. Gore & Associates, Inc.*, 988 F.Supp. 753, 755 (S.D.N.Y. 1997). The *Thompson* Court found that relief from judgment was warranted where a Supreme Court decision articulated a new standard for determining whether a particular group "falls within the meaning of a dependent Indian community, as that phrase is used in 18 U.S.C. §1151(b)." *Id.*

The Supreme Court's decision in *Florence*, however, plainly has *no* effect on the law to be applied in this case in light of the fact that Mr. Nelson was held at the Stamford Police Department and not in the general population of a detention facility. *Florence* addressed the constitutionality of strip searches occurring in the general population of a detention facility and the Court explicitly noted that "[t]his case does not require the Court to rule on the types of searches that would be reasonable in instances where, for example, a detainee will be held without assignment to the general jail population and without substantial contact with other detainees." *Florence*, 132 S.Ct. at 1522.

Second, the Supreme Court in *Florence* specifically recognized that *Bell v. Wolfish* sets forth the appropriate framework for analyzing Fourth Amendment challenges to the reasonability of bodily searches. *Id.* at 1516. Accordingly, *Florence* cannot be said to be an intervening change in law rendering this Court's prior judgment a "mistake" for purposes of Fed. R. Civ. P. 60(b)(1). Mr. Nelson specifically acknowledges the fact that *Florence* is inapposite, stating "[w]hat *Florence* makes clear is that a strip search does not violate the Fourth Amendment when conducted on an arrestee who is committed to a jail with a general population." [Dkt. #20-1, Motion for Reconsideration, p. 8]. As Mr. Nelson

admits, "[o]nce again, the jail at the Stamford Police Department has no general population, and I had not been remanded to a correctional facility by order of a court." *Id.* Thus, Mr. Nelson has failed to present any authority to demonstrate that *Florence* constitutes an intervening change in law which alters the standard of law to be applied by the Court in analyzing his claim of an unreasonable search in violation of the Fourth Amendment where he *admits* that *Florence* addresses an entirely distinct factual scenario.

Nor can Mr. Nelson rely on Fed. R. Civ. P. Rule 60(b)(6), the catch-all exception for relief from a judgment "for any other reason that justifies relief." Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir. 1986). The Second Circuit has "warned, however, that a Rule 60 motion 'may not be used as a substitute for appeal,' and that a claim based on legal error alone is 'inadequate.'" *United Airlines, Inc. v. Brien*, 588 F.3d 62 (2d Cir. 2009)(citing *Matarese,* 801 F.2d at 107). "A mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004). Even "[a] circuit court's announcement of a new rule of federal law, like a Supreme Court pronouncement, is similarly insufficient without more to justify Rule 60(b)(6) relief." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 n. 6 (5th Cir. 1995).

To the extent that Mr. Nelson seeks a reconsideration of the Court's decision on summary judgment on the basis of an intervening change in law, for the aforementioned reasons, *Florence* did not alter the standard of law to be

**applied to this case and would have had no effect on this Court's decision on summary judgment, and therefore Mr. Nelson's motion for reconsideration must be denied.**

                                              IT IS SO ORDERED.
                                              _____/s/_____
                                              **Hon. Vanessa L. Bryant**
                                              **United States District Judge**

**Dated at Hartford, Connecticut: August 3, 2012**